(Decided 15th May, 1874.)

---

## George W. Ritter *vs.* T. Z. Offutt.

*Sufficiency of a Summons under sec. 84 of Art. 75 of the Code—When a motion to Quash a Summons must be made—Right to amend proceedings under sec. 23 of Art. 75 of the Code.*

A summons by which the defendant is required to appear to answer *an action at the suit* of the plaintiff who is named, is in compliance with section 84 of Article 75 of the Code, and sufficiently states the *purpose* for which the defendant is summoned.

A motion to quash a summons made after the expiration of the term succeed-
ing that to which the summons was returned, is too late; a party desiring
to avail himself of a defect in the writ of summons must do so during the
term to which the summons is returned; otherwise his right to do so
will be considered as waived.

Under section 23 of Article 75 of the Code, any of the proceedings, including
the writ or summons, may be amended at any time before the jury retires
to make up their verdict, in cases of jury trial, and at any time before judg-
ment is rendered, if the trial be had before the Court.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The case was argued before BARTOL, C. J., STEWART,
BOWIE, GRASON, and ALVEY, J.

*J. T. Ensor,* for the appellant.

The motion to quash does not call the attention of the
Court to any defect in the writ of summons. The writ is
not defective, but was regularly and properly issued in
conformity to law. The motion to quash was made too
late. *Yoe vs. Gelston,* 37 *Md.,* 233.

The appellant had a right to amend. Art. 75, sec. 23
of the Code.

*John T. B. Dorsey* and *Levin Gale,* for the appellee.

The motion to quash the writ was properly made and
sustained. The Code distinctly requires *" all writs of sum-
mons to designate the 'purpose' of the suit."* The writ
issued in this case failed to state any purpose or cause
whatsoever.

The writ on its face shews that it was defective and
void, and therefore it was unnecessary to assign any reason
for quashing in the motion. The motion is only to shew
that the attention of the Court was called to the writ, and

the Court having sustained that motion, the Court of Appeals cannot interfere with the motion quashing the writ, for the error is apparent on its face.

The motion was not made too late. The plaintiff's declaration, was not filed until the 31st of July, 1873, and the motion to quash was made within a day or two of the first meeting of the Circuit Court for Baltimore County, after the filing of the declaration and before the rule day for pleading had arrived. The motion could not have been made except during the session of the Court, and the opinion of this Court in *Yoe vs. Gelston, in* 37 *Md.,* 233, assumes, that if the motion had been made within fifteen days after the service of a copy of the declaration, it would have been in time. In that case the Court say that the notice on the *nar.* proved the rule to plead to be fifteen days, and that it was not therefore made in time. In this case, the rules of the Circuit Court for Baltimore County do not appear on the record, and from the above case it appears that in the absence of any evidence of what the rules are, this Court must assume that the Court below decided in conformity to its own rules, as in fact it did in this case.—See *State vs. Gittings,* 35 *Md.,* 173. The appearance by attorney was no waiver of the right to make the motion.

GRASON, J., delivered the opinion of the Court.

On the 21st day of February, 1873, the appellant insti-·tuted this suit against the appellee in the Circuit Court for Baltimore County, the summons being made returnable to the March Term, when it was returned by the sheriff endorsed "summoned." On the 3rd of March, 1873, the appellee appeared by J. T. B. Dorsey, Esq., rule *nar.* was laid and the case continued. On the 31st July, of the same year, the *nar.* was filed, and on the 5th day of September, the appellee filed a motion to quash the writ. On the 27th of September, the appellant moved to amend the

summons by inserting the word "trespass" after the word action, so as to make the summons show that the suit was an action of trespass. The Circuit Court over-ruled the motion to amend, granted the motion of the appellee, and quashed the summons, and thereupon this appeal was taken.

The summons commanded the Sheriff to summon the appellee "to appear before the Judges of the Circuit Court for Baltimore County, to be held at the Court House at Towsontown, in and for the same County, on the first Monday in March, 1873, to answer an action at the suit of George W. Ritter," &c.

It was contended on behalf of the appellee that, since the adoption of the Code, Article 75, sec. 84, writs issued in this general form are void, inasmuch as that section requires that all writs of summons to answer in civil actions shall state the *purpose* for which the party is sued, precisely as was previously required in writs of *capias ad respondendum*. We do not concur in this construction of the statute. After imprisonment for debt was abolished by the Constitution, the Legislature enacted that suits should be commenced by summons instead of by *capias ad respondendum*, and that the summons should state the *purpose* for which the party was summoned. The reason of this requirement is obvious. If the summons did not state the *purpose* for which the party was summoned, it would be impossible for him to know for what purpose his attendance at Court was required. When the summons states that the party is to be summoned to answer an action at the suit of the plaintiff who is named, he is at once advised that he is summoned, not as a witness, nor for any other purpose, than to defend himself in a suit of the plaintiff who is named in the summons. It is entirely unnecessary that the particular form or nature of the action should be stated in the summons. Of this he is advised in time to make his defence, by the filing of the *nar*. The statement of the cause or form of action in the

Ritter *vs.* Offutt.

summons could serve no useful purpose to the defendant, since the plaintiff has an undoubted right to change his suit from one form to another, when the ends of justice require it. See 23rd *Section of* 75th *Article of the Code.* Even before suits were begun by summons, the *capias ad respondendum* did not necessarily notify the defendant of the particular nature or character of the suit he had to defend, and especially was this so in actions on the case, in which class were included a great variety of suits differing very much from each other in their nature and character. The summons is in compliance with the 84th section of Art. 75 of the Code, and sufficiently states the *purpose* for which the defendant is summoned, when it states that he is summoned to answer an action at the suit of the plaintiff, who is named in the summons. But in the case before us, even if the summons had been defective, the motion to quash was made too late. The appellee was summoned to the first day of the March term, and the motion was not made until both that and the May term had passed, and after the appellee had appeared to the suit and caused the rule *nar.* to be laid upon the appellant, and after the *nar.* had been filed. A party desiring to avail himself of a defect in the writ of summons ought to do so during the term to which the summons is returned; otherwise he will be held to have waived his right to avail himself of it.

As the summons did not require amendment it is unnecessary for us to notice the over-ruling of the appellant's motion to amend, further than to say, that the 23rd section of Art. 75 of the Code gives the right to amend any of the proceedings, including the writ or summons at any time before the jury retires to make up their verdict, in cases of jury trial, and at any time before judgment is rendered, if the trial is had before the Court.

> *Order quashing the summons reversed,*
> *and cause remanded.*

(Decided 22nd May, 1874.)