LAURA LEE CAPRON, by her husband and next friend RICHARD J. CAPRON *vs.* EDWARD M. GREENWAY.

*Extinguishment of Easement by Union of the Dominant and Servient Estates—Right of Way.*

A tract of land containing twenty-four acres bounding on the north side of a county road, was devised in trust, with power to sell. Four acres of this tract was sold by the trustees to G. In the deed to him a private right of way sixty-six feet in width was reserved. running north from the county road along the western line of G's lot and no further; and it was expressly covenanted that upon the request of the trustees, or those claiming under them, or of G., or those claiming under him, the right of way, extending as above mentioned, should be opened one-half in width, or thirty-three feet, on G's lot, and the other half on the lot held by the trustees; and, when opened, that it should be "for the use and benefit of the lots bounding thereon, and of said respective parties" to the deed. G. afterwards acquired title to all the land lying immediately west of that first conveyed to him, so that the whole of said right of way

became located within the lines of his own land. Subsequently the residue of said whole tract lying west of the portions so acquired by G. became vested in L. by purchase. No part of L's land was contiguous to said right of way. HELD:

1st. That L. by such purchase did not become entitled to the use of said right of way, as reserved in the deed from the trustees to G., and could not maintain a bill in equity to compel G. to remove a fence which he had erected across it.

· 2nd. That G. having become the owner of the dominant and servient estates, and there being no one else entitled to either, they were merged, and the mere easement was extinguished.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, and McSHERRY, J.

*Robert A. Dobbin,* for the appellant.

*D. G. McIntosh,* for the appellee.

McSHERRY, J., delivered the opinion of the Court.

By the will of Mrs. Elizabeth A. McCormick a tract of land containing twenty-four acres lying in Baltimore County was devised to F. W. Brune and Steuart Brown, in trust for certain purposes, with power to sell, and upon further trust, if unsold before Thomas P. McCormick, a grand nephew of the testatrix, attained the age of twenty-one years, to convey the same to him. In February, 1872, the trustees sold and conveyed to the appellee, Greenway, about four acres lying at the southeast corner of the whole tract. The southern line of this four acre parcel bounded on a public road called "Merryman's Lane," and the western line ran northwardly a

distance of five hundred and twenty-five feet, leaving
between it and the western outline of the whole twenty-
four acres a lot of several acres which was subsequently
acquired by the appellee. In the deed of February,
1872, from the trustees to the appellee, a private right
of way, sixty-six feet in width was reserved, "running
north from the above mentioned county road [now Merry-
man's lane] and extending along the western line of said
lot" conveyed to Greenway; and it was expressly cove-
nanted that upon the request of the trustees or those
claiming under them, or of Greenway or those claim-
ing under him, the right of way "extending as above
mentioned" (that is from Merryman's lane along the
western line of Greenway's lot) should be opened one-
half in width—ŏr thirty-three feet—on Greenway's lot,
and the other half on the lot held by the trustees; and,
when opened, that it should "be for the use and benefit
of the lots bounding thereon, and of said respective par-
ties" to the deed, their heirs, successors or assigns.
Shortly afterwards McCormick attained his majority, and
the trustees conveyed to him the whole of the twenty-
four acres, less the four previously conveyed by them
to Greenway. Two projected streets pass through the
twenty-four acres from east to west, between Merry-
man's lane on the south of the whole tract and Cold
Spring lane on the north thereof. These projected
streets are designated twenty-second and twenty-third
streets, but are not laid out, condemned or opened. A
plat on file in the office of the County Commissioners
shows where they will be located, if ever opened. In
November, 1875, McCormick conveyed in fee-simple to
the appellee another lot, containing about one acre,
immediately adjoining on the north the one purchased
from Brown and Brune in 1872. The western line of
the deed of November, 1875, is a prolongation for one
hundred and thirty-nine feet, to the centre of the pro-

jected twenty-second street, of the western line of the deed of 1872. In the deed of 1875, there is no reservation whatever of a right of way over any portion of the lot conveyed by that deed. In June, 1876, McCormick leased to Col. McIntosh, for ninety-nine years, so much of the twenty-four acre tract as was located south of the centre of the projected twenty-second street, north of Merryman's lane, west of Greenway's western line, and east of a lane on the west margin of the whole tract.

In this lease, the eastern line, which is the same as Greenway's western line, is spoken of as being in the centre of Elm street. In 1878, Col. McIntosh acquired the fee-simple title to the lot leased to him, and in November, 1883, conveyed that lot to Greenway. In 1881, McCormick conveyed to Mrs. Eliza Lee all the balance of the twenty-four acres not then owned by Greenway and by Col. McIntosh. The appellant claims to hold under a conveyance from Mrs. Lee, though the evidence of her title is not given in the record. In November, 1883, Mrs. Lee owned all of the twenty-four acres lying north of the centre line of the proposed twenty-second street, and Greenway owned all south of that line, and consequently owned both of the lots that abutted upon the right of way described in the deed to him from Brown and Brune. The appellee erected a fence across this right of way, and the appellant filed the bill of complaint now before us, praying that Greenway might be required to open the right of way according to the terms and conditions of the deeds referred to. The single question in the case in this: Assuming the appellant is the owner of the land conveyed to Mrs. Lee, is she entitled to use the right of way reserved in the deed of 1872?

Now, the limits of that right of way are clearly defined, and the persons entitled to use it are clearly designated. By the express terms of the deed of 1872,

Capron *vs.* Greenway.

the way extended north from Merryman's lane along the western line of Greenway's four acre lot, and no farther, and it was declared to be for the use and benefit of the lots binding thereon, and of the parties to the deed, their heirs and assigns. Its northern extremity was coincident with the northern terminus of Greenway's western line in the deed of 1872, and that point was five hundred and twenty-five feet north of Merryman's lane. No portion of the land purchased by Mrs. Lee in 1881, came nearer to the northern limit of this way than one hundred and thirty-nine feet, and by no possibility could she have then reached the right of way without first traversing either Greenway's one acre lot, over which no right of way was reserved, or Col. McIntosh's lot which was not subject to any such easement. When the appellee acquired the McIntosh lot, and the one acre lot, he owned all the lots which bounded on the right of way, and as thenceforth no one else could use that right of way without trespassing on the property of others to get to it, it was lawful for Greenway to discontinue it altogether, if he saw fit to do so. He became the owner of the dominant and servient estates, and, there being no one else entitled to either, they were merged, and the mere easement was extinguished. It is not pretended that the appellant is entitled to the right of way as a way of necessity. The appellee had, in view of these circumstances, a perfect right to construct his fences across the right of way, and his doing so was not a breach of the covenants in the deed of 1872. The Circuit Court for Baltimore County was therefore right in dismissing the bill of complaint, and its decree will be affirmed.

*Decree affirmed, with costs.*

(Decided 16th June, 1891.)