WEST ARLINGTON LAND COMPANY OF BALTI-
MORE COUNTY *vs.* THOMAS J. FLANNERY,
THE WEST ARLINGTON IMPROVEMENT
COMPANY AND THE GARRISON LUM-
BER AND SUPPLY COMPANY.

*Easements.    Injunctions; trespass to real estate; indefinite
allegations; proof.*

An easement is a restriction upon the rights of property of
the servient estate, and no alteration can be made by the
owner of the dominant estate which would be an increase of
the restriction.                                p. 279

An injunction was prayed to prevent the defendants from
tearing up sewer pipe on the land of the petitioners and
inserting therein a "T" pipe, with openings to enable the
defendants at their pleasure to connect with a sewer over the
lands of the complainants; the injunction was denied because
it appeared that the defendant company, by the terms of the
deed under which the petitioners took, had reserved to itself
title to the sewer pipe, with the right and privilege of main-
taining and operating it as a sewer, etc., with the right to
enlarge the same.                               p. 280

If the allegations of a bill for an injunction are too indefinite
and insufficient to meet the requirements of the rules adopted
and provided for the regulation of courts of equity, the
injunction should not issue.                    p. 280

A trespass of a fugitive and temporary character, where an
adequate compensation may be obtained at law, presents no
ground for equitable interposition.             p. 280

In an application for an injunction, while it is not necessary
to aver that the plaintiff has no adequate remedy at law, yet
all the material facts, upon which reliance for equitable relief
is placed, must be set forth so that the Court may see whether
the remedy, if any, is at law or in equity.     p. 281

The mere allegation in a bill for an injunction that irreparable damage will ensue is not sufficient to justify equitable relief; facts must be stated to satisfy the Court that the apprehension is well founded.                    p. 281

*Decided April 4th, 1911.*

Appeal from the Circuit Court of Baltimore County sitting in equity (DUNCAN, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER and URNER, JJ.

*George A. Solter* (with whom was *Samuel B. Pentz* on the brief), for the appellant.

*William Shepard Bryan, Jr.* (with whom were *R. B. Tippett* and *David G. McIntosh* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Baltimore County, in equity, passed on the 23rd day of August, 1910, sustaining a demurrer to a bill in equity, for an injunction, and dismissing the plaintiff's bill.

The questions of law presented on the record are free from difficulty, and arise upon the following state of facts.

On the 9th day of July, 1909, the appellant, The West Arlington Land Company, incorporated, of Baltimore county, purchased of one of the appellees, the West Arlington Improvement Company, a body corporate of Baltimore City, a lot of ground, situate and lying in the Third Election District of Baltimore county, containing forty-eight and ninety-one hundred acres of land, more or less, and immediately adjacent to West Arlington.

This lot of ground was subsequently laid off into building lots and platted for descriptive purposes. A copy of the plat

was filed among the Plat Records of Baltimore county and is filed as an exhibit in the case.

By the deed, conveying the property, it being only a part of the tract of land owned by the appellee company, the grantor in the deed expressly retained and reserved the title to a sewer pipe, which had been laid and constructed, for the purpose of a sewer or drain for West Arlington, with other rights and privileges stated in the deed. This sewer pipe extended through the granted property, through the other property of the grantor and crossing the property owned and controlled by Mount Hope Retreat, adjoining thereto.

The covenants and reservations contained in the deed, will be here set out, as they appear from the deed itself, which is filed as an exhibit in the case. They are as follows:

The West Arlington Improvement Company of Baltimore City reserves to itself, its successors and assigns, the title to a sewer pipe as the same is now located and constructed, extending through the property, together with the right and privilege of maintaining and operating at all times said pipe line as a sewer or drain for West Arlington, together with the right to enlarge the same by means of a larger pipe or by the addition of another pipe line laid parallel thereto should the capacity of the present pipe prove insufficient in the future, and the right at all times of ingress and egress over said property along the line of said pipe for the purpose of making all necessary repairs and doing all necessary construction work to said pipe line.

And the West Arlington Land Company, incorporated, of Baltimore county, its successors and assigns, hereby covenants that it will reserve to the West Arlington Improvement Company in all its deeds the rights and privileges above mentioned with reference to the right of ingress and egress over said property for the purpose of making repairs to said pipe line as aforesaid.

And the said The West Arlington Land Company, incorporated, of Baltimore county, its successors and assigns, are hereby granted the right and privilege at all times at its own

expense to enter or tap said sewer pipe and to connect the same with the sewer pipes from the houses to be hereafter erected upon said property so as to provide the same with a sanitary sewerage system, but no storm or surface water shall be permitted to enter or pass through said pipe, the same to be used only as a drain for sewerage. And in case it becomes necessary to enlarge said pipe line by means of a larger pipe or by the addition of another pipe laid parallel thereto in the future, the said The West Arlington Land Company agrees to bear one-half of the total cost thereof.

The gravemen of the complaint, as charged in the bill, is, first, that since the execution of this deed, the appellee company of Baltimore City, has sold certain sewerage rights in the pipe to parties altogether foreign to the covenants and agreements, mentioned in the deed and that two of the defendants have purchased the right to lay a ten-inch sewer pipe across the land of the appellee, The West Arlington Improvement Company, so that it will connect the plaintiff's property, with the sewer pipe there constructed.

Secondly, the bill charges that on Saturady, July 16, 1910, Thomas J. Flannery, one of the defendants herein, and who is prominently identified with the Garrison Lumber and Supply Company, entered upon the property without the plaintiff company's consent and against its protest, and with a large force of men tore up the fifteen-inch sewer pipe on its property for a distance of about sixty feet and laid in its stead an eighteen-inch pipe and leaving upon the property an open connection in the pipe line in which he built up a large brick wall and leaving on the property a "T" pipe with a ten-inch opening to enable the defendants herein, at their pleasure, to connect up with the sewer of ten inches to be brought over the lands of the appellee, Improvement Company.

Thirdly, it is averred that the Garrison Lumber and Supply Company, Mortimer W. West and Thomas J. Flannery defendants are laying the pipe for the purpose of carrying sewage matter from tracts of land now being developed east

of West Arlington, upon which property many hundreds
of houses are now being erected and from which the sewage
will be diverted to and across the plaintiff's property which
will do irreparable injury to the plaintiff's property rights
and so increase the easement now enjoyed by the Improve-
ment Company of Baltimore City as to make the plaintiff's
property valueless.

Fourthly, it is alleged, that the easement reserved by the
grantors was to convey sewage from West Arlington property
which property lies between the southwestern side of Reisters-
town Pike and the northeastern side of Buck's lane, as per
plat filed herewith and marked Complainant's Exhibit No.
3.

The bill, then, charges, that the wrong done and being done
upon the plaintiff's property is not susceptible of adequate
compensation in the ordinary course of law, but will cause
irreparable damage thereto, unless the West Arlington Im-
provement Company of Baltimore City, The Garrison Lum-
ber and Supply Company, Thomas J. Flannery, Mortimer
W. West, defendants, are restrained therefrom by this Court.

The specific relief asked by the bill, is for an injunction
to restrain further trespassing and further damage to the
plaintiff's property, also to enjoin and prohibit the defend-
ants from diverting sewage matter from other suburban
developments beyond West Arlington across the plaintiff's
property.

On the 16th day of August, 1910, the defendants demurred
to the bill, and filed the following reasons, as grounds of
demurrer:

1st. That the allegations of the plaintiff's bill are vague
and indefinite, and do not fairly apprise the defendants or
the Court of the facts upon which the plaintiff relies for relief
in equity, and which the defendants are asked to answer.

2nd. That upon the face of the bill and the deed filed by
the plaintiff as Exhibit No. 1 it does not show that it has
any title to the pipe mentioned in the deed and described

therein, and the plaintiff has no standing therefore to ask for the relief prayed in this Court.

3rd. Because it is evident from the statements in the bill that the plaintiff has ample remedy at law.

4th. That the plaintiff has not stated in his bill such a case as entitles him to any relief in equity against the defendants.

The theory of the plaintiff's case, upon the pleadings, is this, that the defendant the Improvement Company reserved only an easement in the ground conveyed for the purpose of maintaining the sewer pipe and this can only be enlarged according to the terms of the grant. This is, undoubtedly true as a general rule, because an easement is a restriction upon the rights of property of the owner of the servient estate and no alteration can be made by the owner of the dominant estate, which would be to increase such restriction. *Barry* v. *Edlavitch*, 84 Md. 113; *Albert* v. *Thomas*, 73 Md. 182.

It appears, however, that the appellee, the Improvement Company, by the express terms of the deed, reserved to itself, the *title* to the sewer pipe as the same was located and constructed, with the right and privilege of maintaining and operating it, as a sewer or drain for West Arlington. The plaintiff was given the right of "tapping" it for sewerage purposes.

The legal title to the pipe under the clear reservations and covenants of the deed was retained by the grantor, subject to certain rights given the plaintiff, the grantee, of tapping the pipe, for the purpose of carrying sewage off from the property granted. And the grantee's use of the pipe for this purpose was expressly limited to its use as a sanitary sewer and not for storm or surface water.

It is well settled, not only upon authority, but according to the true rule of construction of the language of the deed itself, that the defendant, the Improvement Company, not only had the title and owned the pipe by express reservation, but also reserved an easement over the land to make all necessary repairs to it. The rights necessary appurtenant to it

therefore remained in the grantor of the deed.    *Donnell* v. *Humphreys,* 1 Mont. 518; *Tome Institute* v. *Davis,* 87 Md. 606; *Taylor* v. *St. Helena,* 6 Chan. Div. 264; *McTavish* v. *Carroll,* 7 Md. 346; *Capron* v. *Greenway,* 74 Md. 289; *Johnson* v. *Gray,* 6 Gray, 107.

This conclusion, we think, is made absolutely clear, by the reservation in the deed of "the right to enlarge the pipe by means of a larger pipe or by the addition of another pipe line laid parallel thereto should the capacity of the present pipe prove sufficient in the future," and the further right of ingress and egress over the property along the line of the pipe for necessary repairs.    This sewer pipe was laid as stated, to relieve a distressing need of a larger community, and it would defeat the very object and purpose for which it was intended, to limit the use of the pipe as here contended by the appellant.    The relaying of a larger or additional pipe as complained against here, it seems to us, under the facts of this case, is within the distinct covenants and reservations of the deed from the appellee improvement company to the plaintiff company, and it was one of the needs and necessities contemplated and provided for at the time of the execution of the deed.

The question of the use and laying of proper sewerage pipes for the discharge of sewage matter from adjoining houses, and from laying further pipes by the appellee, Improvement Company, was discussed by this Court in *West Arlington Company* v. *Mount Hope Retreat,* 97 Md. 207, and this Court, there said, it is to be hoped that some means can be adopted which will not only protect the appellees but will avoid material injury and great inconveniences to the appellant.

But apart from this we do not think that the bill presents a case for the interposition of a Court of equity by the process of injunction.

The averments of the bill, it will be seen, are indefinite and insufficient to meet the requirements of the rules, adopted and provided, for the regulation of Courts of equity, to warrant the Court in granting an injunction.

It is well settled that if the trespass be fugitive or tem-
porary, with adequate compensation for the same to be
obtained at law, there is no ground to justify the interposi-
tion of a Court of equity.

As was said by this Court in *Lamm* v. *Burrell,* 69 Md. 272,
it is impossible for the Court to see, upon looking to the bill,
alone, whether the appellant has invoked the proper remedy
or not.   There is nothing to indicate that a Court of equity
has any jurisdiction in the premises.   From aught that
appears to the contrary, in the case made by him, assuming
all his charges to be admitted, the appellee may have a com-
plete, full and adequate remedy in a Court of law against
the appellant.   Whilst it is not necessary to aver that the
plaintiff has no adequate remedy at law, yet the facts, and
all the material facts, upon which reliance is placed for
relief in equity must be set forth, so that the Court may see
whether the remedy, if any, be at law or in equity.

There is no allegation in the bill in this case that the
defendants, other than Thomas J. Flannery, have trespassed
or damaged the plaintiff's property, and the charge as to the
defendant Flannery is entirely too uncertain and indefinite
to support relief in a Court of equity.

The mere allegation in a bill that irreparable damages
will ensue is not sufficient unless facts be stated which will
satisfy the Court that the apprehension is well founded.
They do not sufficiently appear in this case to justify the
action of a Court of equity.   *Ameling* v. *Seekamp,* 9 G. &
J. 468; *Dudley* v. *Hurst,* 67 Md. 45; *Kunkel* v. *Markell,* 26
Md. 390; *Blain* v. *Brady,* 64 Md. 376; *Reddall* v. *Bryan,*
14 Md.; *Johnston* v. *Glenn,* 40 Md. 207.

It is apparent, we think, upon the face of the bill, with-
out regard to the merits of the controversy, that the plaintiff
has failed to make out a case for equitable relief by injunc-
tion, and the Court committed no error in sustaining the
demurrer to the plaintiff's amended bill and dismissing the
bill.

*Decree affirmed, with costs.*