JACOB F. ALLERS AND LOUISA W. ALLERS

*vs.*

HENRY BACK.

*Easements: none in own land.*

A party can not have an easement on his own land; all the uses of an easement are fully comprehended and embraced in the general right of ownership.                    p. 504

The mere fact that title to adjacent lands was once in the common grantor is not of itself evidence that one lot has a dominant right of drainage over the other.                    p. 504

*Decided April 13th, 1917.*

Appeal from the Circuit Court of Baltimore City. (DAW-KINS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*W. W. Parker,* for the appellants.

*Edward L. Ward,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is a proceeding in equity to enjoin and restrain the defendants by injunction, from erecting and constructing a brick wall, adjoining the westernmost line of the plaintiff's property, known as No. 1132 South Charles street and to restore an alleged easement or right of drainage of any kind for rain or surface water from the rear of the plaintiff's property through the property of the defendants, known as No. 2 W. West street, to a three-foot alley and thence into West street.

The plaintiff's bill in substance avers, that on the 4th day of January, in the year 1909, he became the purchaser of the property known as No. 1132 S. Charles street, Baltimore, located on the west side of Charles street at the distance of forty-one feet and four inches northerly from the north side of West street, and then binds northerly on the west side of Charles street eighteen feet and eight inches, and has a depth westerly of even width sixty feet.

That the defendants, Jacob F. and Louisa W. Allers, own the property known as No. 2 W. West street, Baltimore, which extends northerly from the north side of West street, and binds upon the westernmost line of the plaintiff's lot for a distance of eighteen feet and eight inches, and lies to the north and south of the westernmost line of the plaintiff's property.

The bill further avers, that for over twenty years the property owned by the plaintiff has had an easement or right of drainage for the rain and surface waters from the rear of the plaintiff's property through the property of the defendants to a three-foot alley, which extends southerly to West street, and that the easement or right of drainage is essential to the plaintiff's property, being its only means of outlet for the water.

The bill, then, charges that the defendants have started and begun the construction of a large and heavy brick wall immediately along the westernmost line of the plaintiff's

property, and extending to the north and south thereof, and
have absolutely cut off and destroyed the easement or right
of drainage and have made no provisions whatever for it nor
for the rain and surface water that flows through the right of
way or easement, and that the plaintiff has been caused there-
by irreparable loss and damage as the right of drainage is an
appurtenance and a necessity to the property and the plain-
tiff is entitled to have the right of drainage restored, as it
formerly existed.

The relief asked by the bill is that an injunction may issue
to prevent the building, erecting and construction of the
brick wall as stated in the bill, and also for a mandatory in-
junction, directing the defendants to restore the easement or
right of drainage from the plaintiff's property through the
property of the defendants.

The defendants, Jacob F. and Louisa W. Allers, answered
the bill and denied all of its material allegations.

In answer to the third paragraph of the bill they specifi-
cally deny that there has ever at any time in the past existed
and that there does now exist any easement or right of drain-
age of any kind whatsoever for rain or surface water from
the rear of any person's property or of the alleged property
of the plaintiff through the property of these defendants, and
that the plaintiff has not at any time in the past and has
not now any right of drainage whatsoever or any easement
through the property of these defendants and that the prop-
erty alleged to be owned by the plaintiff has full, complete
and ample means of drainage for both rain and surface water
according to ways and means other than through or over the
property of the defendants.

In further answer to the third paragraph, it is averred
that the plaintiff's property up to the period of within seven
years ago had full, complete, ample and efficient drainage for
both rain and surface water through and upon and within
the boundaries and confines of the property itself so that both
rain and surface water flowed from said property without

encroaching upon the property of these defendants, but that within this period the property was reconstructed and a new building erected thereupon by the owner thereof who himself, interfered with and cut off the former natural outlet and drainage for all rain and surface water and he attempted and he has persisted in such attempt to cause drainage from the property of both rain and surface water to pass upon the property of these defendants, thereby causing them great loss, damage and inconvenience as a result thereof and that the owner of the property has had constructed thereupon and there does now exist a method of drainage for both rain and surface water so as not to interfere with either the property of these defendants or their rights therein and that the action of the owner of the property in causing rain and surface water to drain over through and upon the property of these defendants is an invasion of their rights, is inequitable, constitutes a trespass upon their property, and is without warrant of law.

In answer to the fifth paragraph it is admitted, that they have torn down a partition fence between the two properties and they are replacing the same with a brick wall which constitutes a part of the improvements being erected upon their property, but they deny they have severed and destroyed the drainage so that the plaintiff's property will be without any means or right of way whereby the water can be drained or carried off or that his property will thereby become injured and damaged, and that the statements in the plaintiff's bill are without warrant in law, in equity or in fact.

The case was heard upon a motion to dissolve the injunction which had been previously issued upon testimony in open Court and from a decree directing an injunction, this appeal has been taken.

The decree appealed from is as follows:

"The Court being of opinion that the plaintiff is entitled to the right of drainage for the rain and surface waters from his property No. 1132 South Charles street through the property of the defendants, Louisa

W. Allers and Jacob F. Allers, known as No. 2 W. West street, to a three-foot alley leading into West street, by an implied grant, said right of drainage or easement being continuous and apparent and necessary to the beneficial use and enjoyment of said property No. 1132 S. Charles street; it is thereupon this 21st day of December, 1916, by the Circuit Court of Baltimore City, adjudged, ordered and decreed that the plaintiff is entitled to said right of drainage for said property through the property of the defendants mentioned in this proceeding to the three-foot alley leading into West street, and as the defendants have been given ample time since the filing of the opinion in this cause to provide and take care of the rain and surface waters from the plaintiff's property to said three-foot alley, leading into West street, and having failed to make such provision, said injunction heretofore granted in this cause is hereby made permanent, and said defendants are hereby directed by mandatory injunction as prayed in said bill to restore and provide the said plaintiff with said drainage for said rain and surface waters for plaintiff's said property through the property of the defendants known as No. 2 W. West street to the three-foot alley in quesiton, and thence to West street."

At the trial of the case the plaintiff produced six witnesses and the defendants produced eight, who testified as to their recollection and knowledge of the location and surroundings of the two properties and the condition of the drainage from the rear of the plaintiff's lot.

We have examined the testimony with some care, but find it entirely too indefinite and uncertain to support the relief asked by the plaintiff's bill, and that the plaintiff has failed to make out a case to justify the action of a Court of Equity, by injunction.

The theory of the plaintiff's case and the Court below so held is, that the plaintiff is entitled to an easement or right

of drainage from his property through the defendant's property by an implied grant and this easement has existed for a period of more than twenty years.

Turning now to the record, it appears that the plaintiff purchased the lot on January 9th, 1909, from certain named trustees for the sale of the property of Dietrich H. Allers, deceased, who held both properties as an entirety for a long time prior to 1879.

The first severance of the West street lot now owned by the defendants was in the year 1882, when John H. Allers, purchased the property and on January 11th, 1888, he conveyed it to his wife Louisa W. Allers, one of the appellants in this case.

The deeds are silent as to any reservation of the right to use the property of the defendants for surface drainage, to the West street alley and the proof shows that prior to the purchase of the property by the plaintiff, the surface water from the rear of the property flowed northerly, then easterly, through the alley leading into Charles street, and not over the lands of the defendants to the West street alley.

In *Oliver* v. *Hook,* 47 Md. 307, it is said a party can not have an easement in his own land, as all the uses of an easement are fully comprehended and embraced in his general right of ownership. The general principle is that no right in a way which has been used during the unity of ownership will pass upon the severance of the tenements unless proper terms are employed in the conveyance to show an intention to create the right *de novo. Stewart* v. *May,* 119 Md. 19; *Duvall* v. *Ridout,* 124 Md. 196.

It would be impossible to hold, under the facts of this case, that the easement or right of drainage, claimed by the appellee, falls within that class known as continuous, apparent and necessary for the reasonable enjoyment of the plaintiff's property.

On the contrary the evidence shows that he has an outlet to obtain drainage through his own property for the water

from the rear of his lot, which he seeks to divert upon the property of the defendants. The defendant's witnesses testified, that the natural drainage of the plaintiff's lot was north, then east through the alley into Charles street, and all the water from the rear flowed northerly across the yard thence easterly out the alley into Charles street, except the hydrant water, and this was removed before the purchase of the property by the plaintiff.

It is apparent, we think, from the record that the plaintiff has no ground for relief, on account of the obstruction claimed of, and as was said in *Duvall* v. *Ridout, supra,* to sustain his contention, "would amount to an appropriation to that extent of the appellant's land for the benefit of the adjacent property of the appellee."

We have not deemed it necessary to review and to discuss the authorities relied upon by the appellee bcause the doctrine announced in them have no application to the facts of this case.

The recent cases in this Court of *Easter* v. *Overlea Land Company,* 129 Md. 327 and *The City Dairy Co.* v. *Scott,* 129 Md. 548, are in point and support the conclusion we have reached on this record. *W. Arlington Co.* v. *Flannery,* 115 Md. 278; *Stewart* v. *May,* 119 Md. 10; *Duvall* v. *Ridout,* 124 Md. 193; *Walker* v. *New Mexico & So. Pac. R. R. Co.,* 165 U. S. 593; 3 *Farhnam on Water,* sec. 2575; *Gould on Waters,* sec. 265; *Tiffany on Real Property,* sec. 298; 40 *Cyc.* 639-658.

For the reasons stated the decree of the Court below will be reversed and the bill of complaint dismissed.

> *Decree reversed and bill dismissed, with costs to the appellants.*