## CHARLES D. FOWLER and EDITH L. FOWLER
### *vs.*
## BENJAMIN S. PENDLETON.

*Injunction: necessary allegations. Mortgages: foreclosure; injunctions; parol evidence. Land in different counties. Written instruments: parol evidence. Mistake: jurisdiction of equity.*

Where the defendants, or any of them, reside in a different county from that in which the land lies, which is affected by a suit in chancery, the Circuit Court for the county (or Baltimore City), where the land, or any part thereof, lies, shall alone have jurisdiction.                                    p. 299

Courts of equity will not grant relief by injunction to stay a sale or prevent the foreclosure of a mortgage, except in special cases, and those mentioned in section 16 of Article 66 of the Code.                                            p. 300

The mere allegation, in a bill for an injunction, that irreparable loss and injury will ensue, is not sufficient, unless such facts be stated as will satisfy the Court that the apprehension is well founded.                                    p. 300

Where a mortgage is executed in proper and regular form and duly recorded as required by law and appears binding in every way, its foreclosure will not be enjoined merely upon the allegation of a verbal agreement, inconsistent with and in contradiction to its express terms.          .          p. 301

Parol evidence is not admissible to contradict or vary the terms of a mortgage.                                p. 301

When a contract is reduced to writing, the presumption is that the entire actual agreement of the parties is contained in it, and parol evidence as to any negotiations or covenants prior to its execution is not admissible to vary or explain it.    p. 301

When a deed or mortgage regular in appearance and bearing a genuine signature and the duly certified acknowledgment of the grantor or mortgagor is attacked, the evidence to impeach it must be clear and convincing.                    p. 301

A court of equity will, upon proof of fraud, mistake or surprise, rectify an agreement according to the intent of the parties; but it will not interfere when the instrument is such as the parties themselves designed it to be; if they voluntarily chose to express themselves in the language of the deed, they must be bound by it. pp. 301-302

*Decided June 25th, 1913.*

Appeal from the Circuit Court for Prince George's County (BEALL, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*William J. Neale* (with whom was *J. Van Clagett* on the brief), for the appellant.

*Claude W. Owen,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case was filed by the appellants against the appellee, in the Circuit Court for Prince George's County, in Equity, seeking to restrain by injunction the foreclosure of certain mortgages upon real property executed by the appellants to the appellee, dated the 1st day of December, 1909, and duly recorded among the Land Records of Prince George's County.

The bill also seeks to have the mortgage notes, and the deeds of mortgage, cancelled, the defendant declared to be the true owner of the property described in the mortgages, and that the defendant shall be required by the decree to accept a deed, in fee simple, for the property, and for other and further relief, as the nature of their case may require.

The original and amended bill, was demurred to, and the demurrer was sustained. The injunction which had been issued upon the original bill was dissolved, and the amended bill was dismissed reserving certain rights to the plaintiffs on other proceedings respecting the subject-matter of this controversy as stated in the decree passed by the Court on the 10th day of January, 1913. From this decree, the pending appeal was taken.

The property, covered by the mortgages, it will be seen consists of two lots, described as Lots A and B, located in "Maryland Park," in Prince George's County, Maryland.

The appellants are residents of the City of Washington, D. C., and the appellee, the former owner of the property, in fee, is a resident of Montgomery County, Maryland.

As to the objection, that the proceedings should have been commenced in Montgomery County, the residence of the defendant, it is only necessary to say, that as the land to be affected by the suit lies wholly in Prince George's County, the Circuit Court for that county had jurisdiction under section 87 of Article 16 of the Code of Public General Laws. This section (87) provides, that when the defendants, or any of them, reside in a different county from that which the land lies, which is to be affected by a suit in Chancery, the Circuit Court for the county, or (Baltimore City) where the land, or any part thereof lies, shall alone have jurisdiction, and process may be sent to the county or counties, wherein the defendants respectively reside, to be served by the sheriff of such county or counties upon the defendants named therein, and returnable as directed in the summons. *Dorsey* v. *Omo,* 93 Md. 81, and cases there cited.

The real questions, however, presented on the appeal are first, whether the averments of the bill are such as to give the Court jurisdiction of the case, and, secondly, whether the allegations of the bill assuming them to be true, present a case for the interposition of a Court of Equity, by the process of injunction.

It is not necessary to cite authorities to support the proposition, that Courts of Equity in this State will not grant relief by injunction to stay a sale, or prevent the foreclosure of a mortgage, except in particular cases.

The statute declares (section 16 of Article 66 of the Code of Public General Laws), that no injunction shall be granted to stay any sale or any proceedings, after any sale of mortgaged premises under this article * * *, unless such party shall on oath allege that the mortgage debt and all interest due thereon has been fully paid, or that some part of such debt or interest, the amount of which, he shall state, has been paid and that the mortgagee or person acting under him, refuses to give credit for such amount, or that some fraud which shall be particularly stated in the bill or petition for injunction was used by such mortgagee, or with his knowledge in obtaining the mortgage.

In *Thrift* v. *Bannon,* 111 Md. 308, it was said, ordinarily without these statutory provisions being first complied with, no injunction to restrain the sale of the mortgaged premises could properly be granted. *Barrick* v. *Horner,* 78 Md. 258; *Powell* v. *Hopkins,* 38 Md. 1; *Gayle* v. *Fattle,* 14 Md. 84.

There is no sufficient allegation in the bill of fraud on the part of the appellee, or by any one else with his knowledge, in obtaining either the notes or the mortgages. On the contrary, it is averred by the 5th paragraph of the bill, that the mortgages were placed upon the property at the suggestion of the appellant, Fowler, for the protection of the appellee's investment, and as a record evidence of his title and interest. And it is further alleged by the bill, that the State and county taxes on the property have been paid by the appellants, the insurance has been kept up for the benefit of the mortgagee, and the interest on the mortgages paid so far as the money received from the property would permit.

But apart from this, we think it is clear, on other grounds that the averments of the bill are insufficient to justify an injunction, or the relief sought by the bill against the defendant.

It is well settled that the mere allegation in a bill, that irreparable loss and injury will ensue, is not sufficient, unless such facts be stated, as will satisfy the Court that the apprehension is well founded. The averments of the bill in this respect, we think, are insufficient according to the decisions of this Court to authorize an injunction in the case. *W. Arlington L. Co. v. Flannery,* 115 Md. 274; *Blaine* v. *Brady,* 64 Md. 373; *Gas Company* v. *R. R. Co.,* 107 Md. 671.

The mortgages in this case are regular in form, properly executed and duly recorded as required by law, and they appear in every way to be valid and binding instruments.

It is difficult to perceive upon what legal principle the appellants could be allowed to set up, in defense, an alleged verbal agreement, absolutely inconsistent with their clearly expressed terms, and contradictory thereof. The cases are conclusive, that this cannot be done.

The general rule is thus stated in 27 *Cyc.* 1136 and supported by authorities: "Parol evidence is not admissible to contradict or vary the terms of a mortgage. When a contract is reduced to writing, the presumption is that the entire actual agreement of the parties is contained in it and parol evidence as to their negotiations or conversations prior to its execution is not admissible to vary or explain it."

In *Insurance Co.* v. *Nelson,* 103 U. S. 544, it is held, when a deed or mortgage regular in appearance and bearing the genuine signature and duly certified acknowledgment of the grantor or mortgagor is attacked, the evidence to impeach it should be clear and convincing. *Howland* v. *Blake,* 97 U. S. 624; *Selden* v. *Myers.* 20 Howard, 506; *Timms* v. *Shannon,* 19 Md. 296; 17 *Cyc.* 526, 628; *Jones on Evidence,* sec. 499.

In *Showman* v. *Miller,* 6 Md. 479, it is held, though a Court of Equity will upon proof of fraud, mistake or surprise, rectify an agreement according to the intent of the parties, it will not interfere when the instrument is such as the parties themselves designed it to be; if they voluntarily

choose to express themselves in the language of the deed, they must be bound by it. *Keedy* v. *Nally,* 63 Md. 317; *Stiles* v. *Willis,* 66 Md. 556.

In the case at bar, the Court is not only asked to cancel the notes and mortgages given and executed by the appellants to the appellee, as stated in the bill, but in effect to hold upon parol evidence a mortgage to be a deed and the appellee be required to accept this deed for the property in fee simple in the place of the mortgages.

The cases relied upon by the appellants and cited in the brief are entirely unlike this and upon an examination it will be seen, do not support the appellants' contentions on this record.

To grant the prayers of the appellants' bill, on the vague and uncertain averments contained therein, would not only do an injustice to the appellee but might defeat his rights altogether to the property in controversy.

The bill alleges, that all three of the lots A, B and C were conveyed by the appellee to the appellant, Edith L. Fowler, but only lots A and B were included in the mortgages from the plaintiffs to the defendant. It is stated in the appellee's brief that if the appellants should pay off the mortgages and retain the property, they would have a profit of $1,300, and if the property is of the value alleged in the bill, they would make that difference and have lot C in addition.

It is apparent, we think, upon the averments of the bill, that the plaintiffs have failed to state a case for equitable relief, and the Court below committed no error in sustaining the demurrer and dismissing the amended bill.

The decree will be affirmed.

*Decree affirmed, with costs.*