# THE MAYOR AND CITY COUNCIL OF BALTIMORE, VIVIAN PHILLIPS, AND THE AMERICAN FEEDING COMPANY,

*vs.*

## AUGUSTUS J. SACKETT, ET AL.

*Injunction to Restrain Nuisance—Jurisdiction—Garbage Reduction Plant—Allegations of Bill.*

The circuit court of a county has jurisdiction to entertain a bill to restrain a nuisance directly affecting property in that county, although the defendants are non-residents. p. 61

The delegation by the Legislature to a municipality of power to do an act, while conferring full authority to perform the act itself, does not, without more, essentially and without exception carry the right so to do it as to inflict loss or injury upon an innocent individual. p. 62

A plant for the disposal of the garbage of a city being, like one for the disposal of sewage, essential to the health and comfort of the people at large, an injunction will not issue to restrain its operation unless under very extraordinary circumstances, but the party complaining should be left to his or her remedy at law. p. 62

One should not be absolutely restrained from carrying on a lawful business, unless it appears that carrying it on will necessarily produce the injury complained of; and it should be permitted to be continued in such a way as not to cause a nuisance, if this can be done. p. 63

In a suit against the Mayor and City Council of Baltimore, a prayer asking not only that defendants be enjoined from hauling garbage to, dumping it upon, or reducing it on, a farm owned by the City, but also from proceeding with the erection of a temporary reduction plant on the farm for the purpose of reducing the garbage of the City, and from conveying to this farm all or any portion of the garbage from the City for the purpose of being so reduced, is too broad and general, and the injunction should be at once refused. p. 63

If the disposal of the garbage by the City, or the operation of the reduction plant, involves the creation of a nuisance, whereby plaintiffs' property is injuriously or seriously affected, the City can be made to respond in damages.　　　　　p. 63

The mere allegation in a bill that irreparable damage will ensue is not sufficient unless facts be stated which satisfy the court that the apprehension is well founded.　　　　　p. 64

In a suit to restrain a city from proceeding with its plans for the establishment on certain land of a garbage reduction plant, and a "piggery" for the purpose of consuming garbage, *held* that the bill should be dismissed as not showing conditions to be such in their present effect as to justify an injunction, but without prejudice to any future application for proper redress, if the use of the property as proposed results in injury or material damage to the plaintiffs' property rights, sufficient to justify an injunction or an action at law for damages.　p. 64

*Decided June 25th, 1919.*

Appeal from the Circuit Court for Anne Arundel County (Moss, J.).

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, STOCKBRIDGE, and ADKINS, JJ.

*S. S. Field, City Solicitor,* for the appellants.

*Osborne I. Yellott* and *Ridgely P. Melvin,* with whom were *Bruner R. Anderson, Lester L. Stevens, Emory L. Stinchcomb,* and *Piper, Yellott, Hall & Carey,* on the brief, for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This case is presented, on an appeal from an order of the Circuit Court for Anne Arundel County overruling the defendants' demurrers to a bill in equity for an injunction to restrain a prospective or probable nuisance.

The original bill was filed by a number of property own-ers and residents of Anne Arundel County against the Mayor and City Council of Baltimore, D. A. Gaumitz and Lewis Towing and Lighterage Company.

Subsequently, by an amended or supplemental bill, other persons and corporations were made parties defendants.

The object and purpose of the proceedings, it will be seen from the allegations of the bill, is to restrain the defendants by injunction from disposing of the garbage from the City of Baltimore on a farm known as the Jubb farm and owned by the City, on Bodkin Creek, in Anne Arundel County.

The prayers for relief are substantially the same in both bills, and appear to be as follows:

(1) That the defendants may be permanently enjoined against hauling to, dumping upon or reducing the garbage of Baltimore City on the Jubb farm, or establishing a piggery on the farm for the consumption of the garbage.

(2) That the Mayor and City Council of Baltimore may be enjoined from further consummating or carrying out or doing anything in the furtherance of the actual or proposed contract between it and the defendant, D. A. Gaumitz, looking to the establishment of a piggery on the Jubb farm, and con-veying the garbage of Baltimore City to the Jubb farm for that purpose.

(3) That the Mayor and City Council of Baltimore and the Lewis Towing & Lighterage Company may be enjoined by the peremptory enjoining order of this Court, issued on such notice as the Court may prescribe, unless cause to the contrary be shown, from conveying to or dumping upon the Jubb farm the garbage from Baltimore City or any portion thereof.

(4) That the Mayor and City Council of Baltimore may be enjoined from proceeding with the erection of a tem-porary reduction plant on the Jubb farm for the purpose of reducing the garbage of Baltimore City thereon, and from conveying to the Jubb farm all or any portion of such gar-

bage from Baltimore City for the purpose of there being so reduced.

The facts upon which the relief is asked as set forth in the bill are thus stated:

First—That the defendants are severally seized and possessed of land near Bodkin Creek, in the Third Election District of Anne Arundel County, most of them residing upon their holdings.

Second—That the Mayor and City Council of Baltimore have recently purchased a tract of land from Charles H. Jubb, containing 125 acres, on the south side of Bodkin Creek, and have taken possession of this farm.

Third—That the Mayor and City Council of Baltimore have awarded to the defendant, D. A. Gaumitz, a contract for the disposal of the garbage of Baltimore City for a term of five years, beginning January 1st, 1919, with the understanding that the garbage would be transported from Baltimore City to the Jubb farm, and there fed to some fifteen thousand pigs to be kept thereon, and the Board of Awards of the City estimating that by this manner of disposing of the garbage of Baltimore City, the City would receive a net revenue of sixteen thousand, five hundred dollars for the garbage, and save the annual cost of seventy-five thousand dollars heretofore paid for the disposition of the same, making a net saving to the City of ninety-one thousand, five hundred dollars a year.

Fourth—That until the piggery is permanently established the garbage of Baltimore City is to be transported in scows to the Jubb farm, there to accumulate until the piggery is established, and the Mayor and City Council have made plans for the location of a temporary plant for the reduction of all or a portion of the garbage between January 1st and March 1st, 1919, and that the feeding contract has been assigned to the American Feeding Company and others.

It is thus averred, in substance, that the removal and transporting by the City to the Jubb farm of the garbage from Baltimore City and there causing it to be reduced in a

temporary reduction plant or fed to pigs in the manner pro-
posed, will result in a nuisance and destroy the value of prop-
erty holdings in that section and render the property unmar-
ketable, and for certain reasons stated, will deprive the own-
ers of the reasonable use and enjoyment of their property
rights, and will cause irreparable loss, damage and injury
to each of the plaintiffs.

The defendants, the appellants here, demurred to the bill,
and, as the demurrers of all the defendants are similar, the
cause and grounds of the demurrer of the Mayor and City
Council of Baltimore will be here set out:

(1) That this Court is without jurisdiction, because upon
the face of the bill it appears that none of the defendants
are residents of Anne Arundel County, and the bill contains
no averment of any fact or facts giving this Court jurisdic-
tion over this defendant.

(2) That this Court is without jurisdiction, because there
is no sufficient allegation of any wrong actually committed
or threatened, remediable in a Court of Equity, and because
there is no sufficient allegation of any fact or facts showing
irreparable damages to the plaintiffs or any of them.

(3) That the bill does not aver facts showing any wrong
committed or threatened which is remediable in a Court of
Equity.

(4) That the bill contains no sufficient statement of facts
showing any irreparable damage to the plaintiffs or either of
them, either suffered or impending.

The first objection presented by the defendants' demurrer,
that the Circuit Court of Anne Arundel County was with-
out jurisdiction to maintain the suit because the defendants
are non-residents of Anne Arundel County cannot, under
the authorities, be sustained.

It is averred in the bill that the situs of the subject-matter
of the proceedings is within Anne Arundel County, and the
property to be affected by the threatened nuisance is situate
in that county. In *Gunther* v. *Dranbauer*, 86 Md. 1, it is
said if the subject of the injury be real estate or an easement

such as a right of way, whether private or public, obviously the action must be local, for the reason that the injury to that particular real estate or easement could not possibly have arisen anywhere else than where the thing injured was actually situated. In *Crook* v. *Pitcher,* 61 Md. 510, the Court held if the cause of action could only have arisen in a particular place, the action is local, and the suit must be brought in the county or place in which it arose. *Mayor and City Council of Baltimore* v. *Meredith's Ford Turnpike Co.,* 104 Md. 351; *Nettie Taylor* v. *Mayor and City Council of Baltimore,* 130 Md. 133.

The cases in this Court are reviewed and considered in *Phillips* v. *Baltimore City,* 110 Md. 436, and it is there held that, in this State, the rule requiring local actions to be brought in the jurisdiction where the cause of action arose, is well settled, and it applies as well to municipal corporations as to all other corporations.

The general rule is thus stated, in 29 *Cyc.* 1237, to be that a suit to abate or restrain a nuisance can be brought in the county or district where the nuisance is situated, and should be tried there, unless a change of venue is granted by the Court. 40 *Cyc.* 73-75; 22 *Ency. of Pl. and Pr.* 829; 1 *Chitty, Pleading,* 281; *Miss. and Mo. Railroad Co.* v. *Ward,* 2 Black (U. S.), 485.

Whatever, then, may be the decisions elsewhere, we think it is clear that, under the decisions and the statutes of this State, the Circuit Court for Anne Arundel County had jurisdiction to entertain a bill for an injunction to restrain a nuisance, or a threatened nuisance, directly affecting property in that county, although the defendants are non-residents of the county. Art. 16, Secs. 86 and 189, Code of Public General Laws; *Fowler* v. *Pendleton,* 121 Md. 297; *Graham* v. *Co. Commrs. Harford Co.,* 87 Md. 321.

The second and third grounds of the demurrer are in effect that the bill does not aver facts showing any wrong committed or threatened which is remediable in a Court of Equity.

It appears by Chapter 205 of the Acts of 1908 that the City of Baltimore is prohibited from disposing of its garbage within the City, and the Act prohibits the erection of any garbage reduction plant within nine miles from the Lazaretto Lighthouse, on the Patapsco River. It was, as stated, because of this Act the Jubb farm, in Anne Arundel County, was selected as the point for the disposal of the City garbage, and where it is now proposed to operate a reduction plant for this purpose.

While the general principle may be conceded that a municipality will not be stopped by an injunction from doing an act which it is authorized by law to do, but as was said by this Court in *Baltimore v. Fairfield Imp. Co.,* 87 Md. 352, the delegation of a power to do an act, whilst conferring full authority to perform the act itself does not, therefore, without more, essentially and without exception, carry the right to so do it as to inflict loss or injury upon an innocent individual. It was further said in that case that, however free from interference by the public acts of this character may be when authorized to be done by a municipality under competent and sufficient legislative grant, the right of an individual to complain of the special injury sustained by him as a consequence of this being done is, ordinarily, in no way impaired or affected.

In *Taylor v. Mayor and City Council of Baltimore,* 130 Md. 145, the authorities upon this subject are collected and reviewed, and it is there said, in a case such as the one now before us, where the plant is essential to the health and comfort of the people at large, an injunction should not issue unless under very extraordinary circumstances, but the party should be left to his or her remedy at law.

The law controlling the rights of parties to an injunction to restrain a prospective or threatened nuisance is well established by numerous decisions of this Court, and it is settled, where the application is to restrain the carrying on of a legitimate and lawful business, the Courts will go no further than

is absolutely necessary to protect the rights of the parties seeking such injunction.

In *Chamberlain* v. *Douglas,* 24 N. Y. App. Div. 582, the Court said, when a person is engaged in carrying on a lawful business he should not be absolutely prohibited from doing so, unless it appears that the carrying on of such business will necessarily produce the injury complained of. If it can be conducted in such a way as not to constitute a nuisance, then it should be permitted to be continued in that manner. *Adams* v. *Michael,* 38 Md. 123; *Hamilton v. Julian,* 130 Md. 602.

Upon the allegations of the bill in this case, we are unable to hold that the conditions complained of are of such a character or so injurious in their present effect upon the property and other interests of the appellees as to invoke the restraining power of a Court of Equity.

The prayer for relief not only asks that the Mayor and City Council of Baltimore shall be enjoined from hauling to, dumping upon or reducing the garbage on the Jubb farm or establishing a piggery on this farm, but from proceeding with the erection of a temporary reduction plant on the farm for the purpose of reducing the garbage of Baltimore City thereon, and from conveying to this farm all or any portion of the garbage from Baltimore City for the purpose of there being so reduced.

This Court has frequently held that a prayer for relief as here set out is too broad and general to grant an injunction, and the application should be at once refused. *Haines* v. *Taylor,* 2 Phillips, Chancery, 209; *West Arlington Co.* v. *Flannery,* 115 Md. 274; *Warren Mfg. Co.* v. *Balto.,* 119 Md. 222; *Pope* v. *Clark,* 122 Md. 1.

It is conceded that if in the disposal of the garbage or in the operation of the reduction plant a nuisance is created whereby the property of the plaintiffs is injured or seriously affected, the defendant could be made to respond in damages for the injuries thus sustained. *Baltimore* v. *Merryman,* 86 Md. 584; *Taylor* v. *M. & C. C. of Baltimore,* 130 Md. 133.

We cannot hold, however, as this case is now presented, the appellees have brought themselves within the rules of law to justify an injunction to restrain a prospective or threatening nuisance, and unless such a case is presented a Court of Equity will not interfere. *Dittman* v. *Repp,* 50 Md. 516; *Lohmuller* v. *S. Kirk & Son,* 133 Md. 86.

The mere allegation in a bill that irreparable damages will ensue is not sufficient unless facts be stated which will satisfy the Court that the apprehension is well founded, and they do not sufficiently appear in this case to justify a Court of Equity to interfere. *Lamm and Hughes* v. *Burrell,* 69 Md. 272; *Johnston* v. *Glenn,* 40 Md. 200; *West Arlington Loan Company* v. *Flannery,* 115 Md. 280; *Warren Mfg. Co.* v. *Baltimore,* 119 Md. 221.

For the reason stated, we think, the Court below committed an error in overruling the demurrers to the plaintiffs' bill of complaint, except the demurrer as to the jurisdiction of the Court.

These demurrers should have been sustained and the bill dismissed, but without prejudice to any future application for proper redress, if the use of the City's property as proposed results in injury or material damage to the plaintiffs' property rights sufficient to justify an injunction or an action at law for damages.

It follows that the order of the Circuit Court for Anne Arundel County, dated the 22nd day of April, 1919, will be reversed, and the bill dismissed, without prejudice.

> *Order reversed, with costs, and bill dismissed without prejudice.*