THE UNITED STATES, Respondent, *v.* JASON W. MYERS and Another, Appellants.

Third Department, March 3, 1926.

Intoxicating liquors — action under National Prohibition Act, tit. 2, § 22, to enjoin nuisance consisting of sale of intoxicating liquors contrary to law in building in Schoharie county — venue was laid in Schoharie county — case was noticed for trial and trial commenced at Special Term in Albany county — trial was completed by stipulation at chambers in Schoharie county and judgment entered therein — Civil Practice Act, §§ 183 and 185, read together gives court power to try action at Special Term in Albany county — action not "for a nuisance," within Civil Practice Act, §§ 183 and 425 — evidence supports finding that intoxicating liquors were possessed and sold on premises contrary to law.

A Special Term of the Supreme Court for Albany county has jurisdiction of an action instituted by the district attorney of Schoharie county under section 22 of title 2 of the National Prohibition Act (41 U. S. Stat. at Large, 314) to enjoin a nuisance arising out of the unlawful possession and sale of intoxicating liquors

in a building in Schoharie county where the venue of the action is laid in Schoharie county and the case is noticed for trial and the parties appear at the Special Term in Albany county, for while section 183 of the Civil Practice Act specifies that the place of trial of real property actions shall be in the county wherein the real property affected is located, that section must be read in connection with section 185 of the Civil Practice Act which permits the trial of an issue of fact, triable by the court without a jury, to be held in the discretion of the court at a Special Term in any county within the judicial district embracing the county wherein the action is triable.

Accordingly, the judgment rendered in this action, which was based in part on evidence taken at the Special Term in Albany county, and in part on evidence taken at chambers in Schoharie county pursuant to stipulation of the parties, and which was entered in Schoharie county, in which county the decision and all other papers relating to the trial were filed as required by section 185 of the Civil Practice Act, is valid and binding.

This action, brought to restrain a nuisance, is not an action " for a nuisance " within the meaning of sections 183 and 425 of the Civil Practice Act, but is an equity action triable by the court without a jury within the meaning of section 185 of the Civil Practice Act.

The evidence clearly supports the finding by the court that intoxicating liquors were unlawfully possessed and sold on the premises in question.

APPEAL by the defendants, Jason W. Myers and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schoharie on the 1st day of October, 1925, upon the decision of the court rendered after a trial at the Schoharie Special Term.

*Henry F. Toohey* [*James M. Dunlavey* of counsel], for the appellants.

*Alberti Baker*, for the respondent.

VAN KIRK, J. The action is brought under section 22 of title 2 of the National Prohibition Act (41 U. S. Stat. at Large, 314), commonly known as the " Volstead Act," to enjoin a nuisance alleged to be the possession and sale of intoxicating liquors in the Commercial Hotel in the village of Cobleskill, N. Y. The defendant Myers was the owner of the building and the defendant Price the tenant. So far as material here, section 22 of title 2 of said act reads as follows: "An action to enjoin any nuisance defined in this title [tit. 2, § 21] may be brought in the name of the United States by * * * any prosecuting attorney of any State or any subdivision thereof * * *. Such action shall be brought and tried as an action in equity and may be brought in any court having jurisdiction to hear and determine equity cases. * * * It shall not be necessary for the court to find the property involved was being unlawfully used as aforesaid at the time of the hearing, but on find-

40

ing that the material allegations of the petition are true, the court shall order that no liquors shall be manufactured, sold, bartered, or stored in such room, house, building,    *    *    *    or any part thereof. And upon judgment of the court ordering such nuisance to be abated, the court may order that the room, house, building,    *    *    *    or place shall not be occupied or used for one year thereafter;    *    *    *." Thus the action was properly brought in equity in the name of the United States by the district attorney of Schoharie county. It was held in *Matter of Love* (205 App. Div. 363), under similar provisions of the State Prohibition Act (Penal Law, § 1217, as added by Laws of 1921, chap. 155; since repealed by Laws of 1923, chap. 871), that such an action is triable by the court without a jury; that, if the evidence shows and the judge finds that the building or any part thereof has been used unlawfully as defined in the State Prohibition Act (Penal Law, § 1214-g, as added by Laws of 1921, chap. 155; since repealed by Laws of 1923, chap. 871), which was similar to section 21 of title 2 of the National Prohibition Act (41 U. S. Stat. at Large, 314), it is legally wholly immaterial that the owner did not know of it. " The place is the nuisance although made so by its use and abatement runs against the property and not against the person." (Citing *Chase* v. *Proprietors of Revere House*, 232 Mass. 88.)

The venue of the action is laid in Schoharie county. It was noticed for trial and the parties appeared at a Special Term in Albany county. The defendants immediately objected to the jurisdiction of the court on the ground that this action for the abatement of a nuisance should be tried as provided by section 183 of the Civil Practice Act in the county in which the property alleged to be a nuisance is located. This objection was overruled and evidence taken. Before the close of the evidence defendants' attorney asked an adjournment to procure further witnesses. Thereupon the case was adjourned to the chambers of Mr. Justice NICHOLS in Cobleskill, Schoharie county, upon written stipulation of the attorneys, but " without prejudice to previous objection to court's jurisdiction." Upon the adjourned day further evidence was taken and the case closed in Cobleskill; findings were made and judgment entered in Schoharie county.

Defendants' first proposition is that " this action being one for the abatement of a nuisance, it was local, and should be heard and determined in the county of Schoharie, where the real property affected was located." They cite section 183 of the Civil Practice Act, entitled: " Place of trial of real property action." This section provides that an action for a nuisance and every action to recover a judgment affecting an estate, right, title or interest in

real property or a chattel real, must be tried in the county in which the subject of the action is situated. " That section was not intended to define the jurisdiction of the Supreme Court, but simply to determine the place of trial of actions of which it had jurisdiction." (*Cragin* v. *Lovell,* 88 N. Y. 258, 263.) The section determines in what county an action of this character must be brought and controls upon a motion to change the place of trial thereof; it, however, must be read in connection with section 185 of the Civil Practice Act, as follows: " Place of trial of issue triable by court. In an action in the Supreme Court an issue of law, or an issue of fact triable by the court without a jury, may be tried, in the discretion of the court or upon stipulation by the parties, at a Special Term in any county within the judicial district embracing the county wherein the action is triable, but after the trial, the decision and all other papers relating to the ·trial must be filed, and the judgment rendered must be entered, in the last named county." (See *Gorman* v. *South Boston Iron Co.,* 32 Hun, 71.) Albany and Schoharie counties are in one judicial district. This action is an equity action triable by the court without a jury. An action to restrain a nuisance is not an action " for a nuisance " which must be tried by a jury. (Civ. Prac. Act, § 425; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.,* 105 N. Y. 319.) This section 185 has a purpose and a meaning and is not in conflict in its meaning with the provisions of section 183. We should give effect to both as far as possible. Section 185 has no effect whatever upon the determination of a motion to change the place of trial. It affects the trial of " issues " only, of fact or law; it does not necessarily affect the trial of all the issues, nor does it apply to any action not triable at a Special Term. It recognizes that the action remains " triable " in the county where the real estate is situated, or the nuisance committed; it simply permits that issues of law or fact may be heard, when the parties so desire, or the court deems it necessary or in the interests of justice, in another county in the same district. Compelling reasons may exist ʼwhy evidence upon some issues should be taken in a county other than that in which the action is triable; it cannot be doubted that depositions taken in another county could be used in the trial of the action; also a hearing at a Special Term may expedite a trial, particularly in the rural counties. Although evidence be taken, or certain issues tried, in another county, it does not follow that a party so desiring would be denied the right to present evidence in the county where the action is triable; also the decision must be filed and the judgment entered in the latter county; this assures that all the records in any wise affecting the title to real estate may be found in the office in which a searcher

**628** Wood *v.* Woodlawn Improvement Assn. Transp. Corp.

Third Department, March, 1926. [Vol. 215

would expect to find them. So here the decision was made and filed and the judgment rendered and entered in Schoharie county.

In the instant case the evidence was in part taken in Schoharie county. I am unable to conceive how the defendants were prejudiced by the fact that plaintiff's testimony was taken in Albany county when they had full opportunity to present their evidence, before the trial was closed, in Schoharie county. In our view the court had full jurisdiction of the case and was authorized to take evidence and try issues in either county.

Defendants' second proposition is, " There was no preponderance of evidence presented that intoxicating liquor was possessed or sold on the premises in question." We think there was sufficient evidence to sustain the finding of the trial judge in this respect. The plaintiff furnished witnesses who testified directly that liquor was possessed and sold on the premises and that the liquor was intoxicating. Also an analysis of the contents of two bottles containing liquids, which it is testified were procured at this place, was made. One contained five and six-tenths per cent of alcohol, and the other seven and one-tenth per cent of alcohol. (See *Singer v. United States,* 288 Fed. 695.)

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.