Argued and submitted on demurrer to alternative writ February 8;
Peremptory writ ordered March 1, 1949

## STATE ᴇx ʀᴇʟ. YETT ᴀɴᴅ CHRISTIENSEN· v. PETERS

203 P. 2d 299

*Norman B. Kobin* and *Leo Levenson,* of Portland, argued the cause and filed a brief for relators.

*James K. Buell* argued the cause for respondent. With him on the brief were Griffith, Peck, Phillips & Nelson, all of Portland.

Before Lusk, Chief Justice, and Brand, Belt, Rossman, Kelly and Bailey, Justices.

KELLY, J.

This is an original proceeding in mandamus. The pertinent allegations of the writ are as follows:

That the relators, Porter W. Yett and Bernice I. Christiensen, at all times mentioned therein, and for many years last past, have been and still are residents and inhabitants of the City of Portland, Multnomah County, Oregon;

That the respondent, Honorable R. Frank Peters, is the Circuit Judge of the State of Oregon for Washington County;

That on or about the —— day of April, 1948, the following individuals, residents of Washington County, Oregon, as plaintiffs, to-wit: Roy E. and Ethel M. Leitz, Robert and Gladys Boswell, Alfred and Alice T. Skei, Daniel L. and Elizabeth Nauman, V. L. and Anna M. Nash, Arthur and Hilda Zickert, James A. and Bazie B. Campbell, Mrs. Henrietta Campbell, Robert F. and Yvonne Campbell, W. L. and Lois Keffer, William and Effie Jannicke, John Peterson, John J. and Floy Collins, and Ervin A. Mammen, did file with the Clerk of the Circuit Court of the State of Oregon for Washington County, their complaint in equity, Case No. 14720, praying for an injunction against Relators herein in the use by Relators of certain real property owned and controlled by them and wherein one of the Relators has been and still is engaged in quarrying rock and crushing and screening the same, all as more fully appears from the complaint filed by said named individuals;

That subsequent to the filing of the aforesaid complaint in equity, a summons was issued, and on

the 26th day of April, 1948, and on the 14th day of May, 1948, respectively, Relators were each served with the summons and complaint in the aforementioned suit in equity in the City of Portland, County of Multnomah, State of Oregon, and said Relators have never been served with summons other than as herein stated;

That in pursuance of said summons, said Relators, appearing specially, filed in the Circuit Court of the State of Oregon for Washington County, a motion, supported by their sworn affidavits, wherein Relators averred that each of them was served with a summons and complaint in the aforesaid suit in the City of Portland, Multnomah County, Oregon, by a deputy Sheriff of Multnomah County, and that at the time of said service of said summons and the commencement of said plaintiffs' suit, and the filing of their complaint, as aforesaid, Relators were and have been for many years residents and inhabitants of Multnomah County, Oregon, living and maintaining their respective homes in the City of Portland, Multnomah County, Oregon, and that neither of said Relators have been served with summons other than as hereinbefore stated; and said Relators did move Respondent herein, the Hon. R. Frank Peters, for an order quashing the service of summons made upon Relators, and for an order dismissing the complaint in equity filed by the named individuals in Paragraph III hereof, on the grounds and for the reason that the Circuit Court of the State of Oregon for Washington County had no jurisdiction of the subject matter of the said suit or of the person of either of the Relators herein, and Relators contended and now contend that the said suit referred to herein in Paragraph III did not relate to the partition of real property, nor relate to the foreclosure of a lien or mortgage upon real property, nor relate to a determination of an adverse claim, estate or interest in real property, or the specific performance of an agreement in relation thereto, and Relators

contend that pursuant to the provisions of Section 9-108, O. C. L. A., the venue of the aforesaid suit was not in Washington County, Oregon, because neither of Relators resides in said county, nor was either one served with a summons in said county and Relators have contended that Respondent is without lawful authority to hear said suit in Washington County, Oregon;

That after hearing arguments of respective counsel upon said motion of Relators, the Respondent, Honorable R. Frank Peters, Judge, disregarding the rights of Relators to have said suit heard and determined in the county of their residence, and acting contrary to lawful authority, on or about the 2nd day of August, 1948, entered an order in the aforementioned suit denying Relators' motion to quash the service of summons and complaint and to dismiss the aforementioned suit, and said Respondent decreed that the aforesaid suit is one for the determination of claim of right to use and enjoyment of real property situated in Washington County, and that he had lawful authority to proceed in said suit as being within the jurisdiction of Washington County, and said Respondent ordered that relators be awarded ten days from said August 2nd, 1948, in which to further plead or to submit to the jurisdiction of said Circuit Court of Washington County, notwithstanding Relators' claim that said Court was without lawful authority to proceed to hear said suit in equity, and that the venue thereof was not in Washington County, as aforesaid, and that said Hon. R. Frank Peters, Judge, lawfully should not proceed to try said suit.

To this writ, respondent interposed a demurrer on the ground "that said writ does not set forth facts sufficient to constitute a cause of suit."

In support of the demurrer, respondent contends that the venue of the Washington County suit, being one to enjoin a nuisance, was properly laid in the

county where the real property affected by the nuisance is situated and, therefore, respondent did not err in overruling relators' motion to quash.

The first point suggested by respondent is that at common law the venue of a suit to enjoin a nuisance lay in the county where the land was located upon which the nuisance was maintained and which was thereby injured.

To this point the case of *McClatchy, et al. v. Laguna Lands Ltd.*, 32 Cal. App. 718, 164 P. 41, is cited. In that case the venue approved by the appellate court conformed to the provisions of the California statute, Code of Civil Procedure, Section 392.

*Baltimore v. Sackett*, 135 Md. 56, 107 A. 557, is also cited. There, the common law rule is stated, but the decisions and statutes of Maryland were the authorities upon which the Maryland Court of Appeals based its opinion that the Circuit Court for Anne Arundel County had jurisdiction although the defendants were non-residents of that County. We quote from the opinion of the Court:

> "Whatever, then, may be the decisions elsewhere, we think it is clear that, *under the decisions and the statutes of this State,* [Italics supplied] the Circuit Court for Anne Arundel County had jurisdiction to entertain a bill for an injunction to restrain a nuisance, or a threatened nuisance, directly affecting property in that county, although the defendants are non-residents of the county. Article 16, Secs. 86 and 189, Code of Public General Laws; Fowler v. Pendleton, 121 Md. 297, 88 Atl. 124; Graham v. Co. Commrs. Harford Co., 87 Md. 321, 39 A. 804." *Baltimore v. Sackett,* supra.

*Lakeland Ideal Farm & Drainage District v. Mitchell,* 97 Fla. 890, 122 So. 516, is also cited by respondent.

There it was held that such a proceeding as the instant case is local in its nature; and, *"in the absence of a competent and applicable statutory provision to the contrary"* (Italics supplied), should be maintained in the county where the land lies. *Lakeland Ideal Farm & Drainage District v. Mitchell,* supra.

The case of *Northern Indiana Railroad Company et al. v. The Michigan Central Railroad Company,* 56 (15 Howard 233) U. S. 232, 14 L. Ed. 674, cited by respondent, determined that the United States Circuit Court for the district of Michigan was without jurisdiction to restrain a railroad corporation from doing acts continually injurious to the property of complainants in the state and district of Indiana. While in that case the local character of a continuing nuisance is recognized, the opinion is based upon lack of jurisdiction of the Federal Court of Michigan and no statute prescribing the venue of the case is involved.

Section 164 of Vol. 39, Am. Jur., Nuisances, cited by respondent, in so far as concerns its statement that "According to the weight of authority, a suit to abate a nuisance is local and must be brought in the * * * county where the nuisance is situated or exists" reference is therein made only to *People v. St. Louis,* 10 Ill. 351, 48 Am. Dec. 339, and *Thayer v. Brooks,* 17 Ohio 489, 49 Am. Dec. 474. In *People v. St. Louis,* the Illinois court held that the subject of the suit was local "and the bill was properly filed in St. Clair County where the alleged nuisance was about being erected." We quote from the opinion of the Illinois Court: "If the subject of the suit be local, the suit must be commenced in the county of its locality, *unless she is authorized by special statute to commence it elsewhere."* (Italics supplied) *People v. St. Louis,* supra.

We quote from *Thayer v. Brooks,* supra: "The act was done in Pennsylvania; the injury which was occasioned by that act was sustained in Ohio. In such a case it is believed the suit would well lie in either state." No statutory provision was considered.

Section 391, p. 779, Vol. 46, C. J., subject, Nuisances, is cited by respondent. That section is as follows: "Venue. A suit to abate or restrain a nuisance is usually brought in the county or district where the nuisance is situated and tried there unless a change of venue is granted by the court."

A review of the cases cited in the notes supporting the above quoted section fails to disclose any case wherein the plain provision of the statute has been disregarded, superseded or annulled.

The case of *Mississippi & Missouri Railroad Co. v. Ward,* 67 U. S. 485 (2 Black), 17 L. Ed. 311, was brought in the United States District Court for the District of Iowa to abate a bridge across the Mississippi River spanning that river from its Iowa shore to its Illinois shore. The holding of the United States Supreme Court was to the effect that the District Court of Iowa had no jurisdiction over the portion of the bridge over the Illinois portion of the river bed.

*Ladew v. Tennessee Copper Co.,* 179 Fed. 245, involved a construction of an Act of March 3, 1875, c. 137, Sec. 8, 18 Stat. 472, to the effect that "When in any suit commenced in any Circuit Court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real and personal property within the district where such suit is brought" any of the defendants shall not be an inhabitant of, or found within said district, or voluntarily appear, an order directing such absent defendant to appear and

make defense may be served on him personally, wherever found, or when this is impracticable, by publication, and that in default of such appearance, the court may entertain jurisdiction and proceed to the hearing and adjudication of such suit * * * but said adjudication shall, as regards said absent defendant * * * without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein within such district."

The court held that the above quoted statutory provision did not give the court jurisdiction over non-resident defendants in a suit to enjoin the continuance of a nuisance. We quote from that opinion as follows:

"The right to have a nuisance on another's property restrained or abated is not based upon an assertion of title to such property, or of any proprietary interest therein, or right or claim to the property itself, but is, on the contrary, based solely upon the breach of a personal duty which the owner of the property owes to his neighbor in its management and use; a breach of duty which may be punished by indictment where the nuisance is of a public character, and which renders the offender personally liable in damages to the injured neighbor. And therefore the assertion by the neighbor of his right to have the nuisance restrained or abated, being based on the personal wrong and breach of duty on the part of the owner, and seeking merely to enforce the just restrictions which the law imposes upon him in the use of his property and prevent misuse, cannot, in my opinion, be regarded in any just sense as the assertion on the part of the neighbor of a claim to the property itself within the meaning of the statute."

The case of *Marysville v. North Bloomingfield Gravel Min. Co.*, 66 Cal. 343, 5 P. 507, cited in notes

48, 49 and 50 of said Section 391, p. 779, Vol. 46, C. J., in the opinion of this writer, is a striking illustration of the controlling effect of statutory provisions. Sections 392 and 395 of the California Code of Civil Procedure were under consideration in the Marysville case. That case was brought to abate a nuisance which it was alleged was causing injury to real property in the county of Yuba where the action was commenced.

The former section, namely, Section 392, as far as material here, is as follows: "Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof is situated subject to the power of the court to change the place of trial as provided in this code: (1) For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property."

Section 395 of the California Code of Civil Procedure provided that "In all other cases the action must be tried in the county in which the defendants or some of them reside at the commencement of the action."

The California Court held in accordance with the foregoing statutory provisions that the Marysville case, being an action for injuries to real property, was not within the class of cases which "must be tried in the county in which the defendants, or some of them, reside at the commencement of the action." *Las Animas & San Joaquin Land Co. v. Fatjo,* 9 Cal. App. 318, 99 P. 393, 394.

Section 9-108, O. C. L. A., Vol. 2, pp. 28 and 29, in so far as pertinent hereto, is as follows:

"Suits in equity in the following cases shall be commenced and tried in the county where the land

or the subject of the suit, or some part of such land may be situated and when the subject of the suit or such land is situated in more than one county of this state, it may be brought in any of the counties where such land or the subject of such suit is situated which the plaintiff may designate, to wit:

"(1) For the partition of real property;

"(2) For the foreclosure of a lien or mortgage upon real property;

"(3) For the determination of an adverse claim, estate, or interest in real property, or the specific performance of an agreement in relation thereto. In all other cases, the suit shall be commenced and tried in the county in which the defendants, or either of them, reside, or may be found at the commencement of the suit * * *."

■ Giving effect to the above quoted provisions of the Oregon statute, the instant case was instituted in the wrong county. This is an application in reverse of the principle observed in the California case of *Marysville v. North Bloomingfield Gravel Min. Co.,* supra.

The New York case of *United States v. Myers,* 215 App. Div. 624, 214 N. Y. S. 438, cited in note 48 of said section 391, C. J., distinguishes between a proceeding brought under section 22 of Title 2 of the National Prohibition Act (41 U. S. Stat. at Large, 314) commonly known as the "Volstead Act" to enjoin a nuisance, and an action "for a nuisance" which under sections 183 and 425 of the New York Civil Practice Act must be tried in the county in which the subject of the action is situated. We quote from the decision: "This action is an equity action triable by the Court without a jury. An action to restrain a

nuisance is not an action for a nuisance which must be tried by a jury." In effect this New York case supports the position of relators in the instant case to the effect that a suit to restrain a nuisance is not local.

In the Pennsylvania case of *Morris v. Remington,* 1 Pars. Eq. Cas. 387, decided one hundred years ago, the relief sought by complainant not only included restraint of defendants in the manner of using their property but abatement of the alleged nuisance and recovery of damages for its maintenance.

The Wisconsin case of *Lohmiller v. The Indian Ford Water-Power Co.,* 51 Wis. 683, 8 N. W. 601, was held by the Supreme Court of Wisconsin to be an action for damages resulting from a nuisance where the plaintiff claimed he had sustained a peculiar injury. This distinguishes the Wisconsin case from the instant case.

We think that the last clause, beginning "In all other cases", of the above quoted provision of our statute (Sec. 9-108) is applicable and that this case should have been instituted in the county where the defendants or one of them reside or may be found.

This is not a suit for the determination of an adverse claim, estate or interest in real property. It is merely a suit to abate a nuisance and thereby terminate the alleged commission of a tort adversely affecting plaintiff's property or an alleged trespass thereupon by relators who neither have nor claim to have any right, title, claim or interest in the real property alleged to be so adversely affected by such tort or trespass.

With other authorities, respondent cites Chapter 40, Vol. 4, A. L. I., Restatement Law of Torts, to the point that a suit to restrain a nuisance is a suit for the determination of an adverse claim, estate or interest in real property.

In that chapter, an action for damages is distinguished from a suit for an injunction. We venture to quote from page 224 thereof:

"Furthermore, considerations enter into the determination of the right to an injunction that are inapplicable or have less weight in determining the right to damages. An injunction may be obtained in a proper case against a threatened private nuisance, but an action cannot be maintained at law unless harm already has been suffered. Even when there is present harm, it is one thing to say that a defendant should pay damages for the harm his factory is causing, but it is a different thing to say that he must close his factory if the harm cannot be stopped. For the purpose of determining liability for damages for private nuisance, conduct may be regarded as unreasonable even though its utility is great and the amount of harm is relatively small. But for the purpose of determining whether the same conduct should be enjoined, additional factors must be considered. It may be reasonable to continue an important activity if payment is made for the harm it is causing, but unreasonable to continue it without paying.

"Thus, denial of relief by way of injunction is not always a precedent for denial of relief by way of damages. Consequently, liability for damages should be separately dealt with, and the scope of the liability stated in this Chapter is thus limited."

The fourth point urged by respondent is that Section 9-108, O. C. L. A., should be strictly construed in so far as it tends to alter the common law rules with

reference to venue. To this point, two Oregon cases are cited, neither of which makes any reference to Section 9-108, O. C. L. A. The cases cited are *Smith v. Meier & Frank Inv. Co.*, 87 Or. 683, 171 P. 555, and *Lovell v. School Dist. No. 13*, 172 Or. 500, 143 P. (2d) 236.

The Smith case holds that an ordinance requiring the owner of property in the City of Portland in front of which there was constructed and maintained a sidewalk as a part of the adjacent street to cause such sidewalk to be made safe and convenient by removing the ice, if any, therefrom or by covering the same with sand, ashes, or some other suitable substance, within the first three hours of daylight after the formation of said ice, and fixing a fine of not less than five nor more than twenty dollars as the penalty for a violation of such ordinance, did not imply a cause of action for damages in favor of a pedestrian who fell on such sidewalk from which the owner had failed to remove snow and ice.

The Lovell case holds that members of a school board, while exercising power to construct and maintain sidewalks reasonably necessary for convenience and welfare of teachers and pupils, are exercising a "governmental function" and are immune from liability in tort for failure to maintain sidewalks in reasonably safe condition.

We are unable to agree with respondent that Sections 8-401 and 8-404, O. C. L. A., 1940, indicate an intent that suits in equity to restrain a nuisance may be brought in the county where the nuisance exists unless the defendants or one of them reside or may be found in such county.

Section 8-401, O. C. L. A., authorizes any person whose property is affected by a private nuisance or where personal enjoyment thereof is in like manner thereby affected, to maintain an action for damages therefor. It also provides that if judgment be given for plaintiff in such action he may in addition to the execution to enforce the same have an order allowing a warrant to issue to the sheriff to abate such nuisance; and, as a further proceeding supplementary to execution, it is provided in said section that if it does not appear that the nuisance has ceased and it does appear that the issuance of such a warrant is inadequate to abate or prevent the continuance thereof the plaintiff may proceed in equity to have the defendant enjoined. Instead of recognizing concurrent jurisdiction of law and equity, Section 8-401, by its terms, plainly recognizes the distinction by expressly authorizing an equitable remedy when the legal remedy has been fruitlessly exhausted.

■ As stated, we think that in the case at bar venue is improperly laid. The court acquired jurisdiction by personal service. The right to change of venue is only a personal privilege and may be waived.

■ This court, speaking through Mr. Justice Brand, has clearly and cogently indicated the proper procedure for the defendants herein, as follows:

"As to acquisition of jurisdiction over the person, we think the same rule should apply to actions at law and suits in equity, without distinction. The court acquires jurisdiction upon personal service in either case though the venue be improperly laid, the right to change of venue being only a personal privilege * * *. But in either case, if the defendant makes a timely motion to quash, the motion should be allowed because, although vested with jurisdic-

tion, the court should be controlled by the venue statute, unless there is a waiver, and when a timely motion to quash is made, there is no waiver. If there is no waiver and no authorized motion for change of venue is filed by either party, the court must quash." *Mutzig v. Hope,* 176 Or. 368, 397, 158 P. (2d) 110.

This leads to a judgment overruling respondent's demurrer to the alternative writ and the issuance of a peremptory writ directing respondent to enter an order quashing the service of summons in suit. No costs shall be allowed to either party hereto.