## FURTICK, dba Furtick Construction Co., dba Furtick-Urell Construction Co., *Appellants,*

*v.*

## ABRAHAM, *Respondent.*

(No. A8008-04429, CA 19410)

635 P2d 1063

Ernest Lundeen, Eugene, argued the cause and filed the briefs for appellants.

David S. Paull, Portland, argued the cause for respondent. With him on the brief was Paul T. Bailey, Portland.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

## YOUNG, J.

This is a mandamus proceeding to require a change of venue from the District Court of Multnomah County to the District Court of Lane County. The motion for a change of venue was denied by the defendant, a district judge. Plaintiffs appeal from the order quashing the amended alternative writ of mandamus and from the award of attorney's fees.

The underlying action was commenced in the Multnomah County District Court by certain individuals, acting as trustees of trust funds established pursuant to a labor agreement. The defendants in that action are plaintiffs in this proceeding.[1] The complaint in district court generally alleged that the defendant-employers were parties to a memorandum agreement with the Oregon State Council of Carpenters and Southwest Washington District Council of Carpenters agreeing to comply with the terms of a more comprehensive collective bargaining agreement, known as the Carpenters' Master Labor Agreement, and agreements establishing certain trust funds. The defendants were served with summons and complaint in Lane County. They moved for a change of venue to Lane County pursuant to ORS 14.110(1)(a).[2] The motion was denied. Defendants there then commenced this proceeding in circuit court. The circuit court, pursuant to agreement of the parties, reviewed the record in the district court and quashed the amended alternative writ of mandamus. The records in both the district and circuit courts are now before this court.

---

[1] The plaintiffs in the district court action seek an audit of the employers' business records, a determination of employe benefits found due as a result of the audit, liquidated damages, attorney and auditor fees. The allegations of the complaint with the exhibits attached lead us to believe that the agreements described are similar to the agreements considered in *Pio v. Kelly,* 275 Or 585, 552 P2d 1301 (1976).

[2] ORS 14.110(1)(a) provides:

"The court or judge thereof may change the place of trial, on the motion of either party to an action or suit, when it appears from the affidavit of such party that the motion is not made for the purpose of delay and, * * *:

"(a) That the action or suit has not been commenced in the proper county; * * *"

Plaintiffs argue that the "exclusive forum clause" contained in the collective bargaining agreement is invalid and unenforceable and that they are entitled to a change of venue based on ORS 14.110(1)(a) and (c).

The contract provided:

"The fund shall have its principal office in the City of Portland, County of Multnomah, State of Oregon. The venue for all causes of action or proceedings involving the Trust Fund brought in the State of Oregon shall be laid in Multnomah County, Oregon * * *."

Plaintiffs argue that the contract provision is invalid because it is unfair and unreasonable. Plaintiffs rely in part upon *Reeves v. Chem Industrial Co.,* 262 Or 95, 495 P2d 729 (1972) and *Rose v. Etling,* 255 Or 395, 467 P2d 633 (1970). *Rose* is not in point. There, the court held a contract clause fixing venue was unenforceable on the basis of ORS 83.160, a consumer protection statute. No similar statute is involved here. In *Reeves,* the issue was not a question of venue. There, a contract existed between an Oregon plaintiff and an Ohio defendant. The contract provided that all litigation involving the contract had to be brought in Ohio. That is to say, the parties agreed to confer *exclusive jurisdiction* upon the courts in Ohio.

In the present case, the contract clause provided that Multnomah County *shall* be the place of *venue* for actions filed in Oregon. Rather than labeling the clause as an "exclusive forum" clause, it would be better described as an "exclusive venue" clause. The specific inquiry is whether the parties can validly contract to limit *venue* to a particular county in Oregon.

■    We have found no Oregon case precisely in point. Nonetheless, we find the reasoning in *Reeves* to be persuasive and controlling here. *Reeves* held that a contract clause conferring exclusive *jurisdiction* upon the courts of a sister state would be enforced in this state provided there is no evidence that the clause is unfair or enforcement would be unreasonable. Stated another way, if the clause is fair and reasonable, it is not void as being contrary to public policy. We believe the rule in *Reeves* should apply to contracts limiting venue to a particular county in Oregon.

■ ■   The question is then whether the clause in the collective bargaining agreement is unfair or unreasonable. In *Reeves v. Chem Industrial Co., supra,* 262 Or at 98, the court quoted with approval a statement by Professor Reese that exclusive forum clauses must be deemed *prima facie* enforceable and the burden is on the party seeking to move the action elsewhere to demonstrate that the contractual provision is unjust. We believe that concept applies with equal force to motions to change venue within this state.[3]

■   Plaintiff argues that the collective bargaining agreement is a contract of adhesion, i.e., a "take-it-or-leave-it" contract, *Reeves v. Chem Industrial Co., supra,* 262 Or at 101, and is on its face the product of unequal bargaining power and therefore is unfair and unreasonable. Defendant contends that the agreement is not a contract of adhesion and that it is specifically authorized and controlled by federal law.

The *prima facie* validity of collective bargaining agreements is settled by federal law. The Oregon Supreme Court has recognized that a state court action brought pursuant to the Labor-Management Relations Act, 29 USC 185 *et seq,* is controlled by federal law. *Pio v. Kelly,* 275 Or 585, 552 P2d 1301 (1976); *Schlecht v. Bliss,* 271 Or 304, 316, 532 P2d 1 (1975). In *Pio v. Kelly, supra,* 275 Or at 593, the court said:

> "It has been held that collective bargaining agreements are not 'ordinary contracts' and are not 'governed by the same old common law concepts which controlled such private contracts,' but are 'unique in character and a field unto themselves.' *It has also been said that 'in the field of labor law, a great change has occured in the law of duress.'* In any event, it is clear that because this is an action to enforce such a contract, the decision of this case is controlled by federal law, as established by the federal courts, by which this court is bound." (Emphasis added.)

The underlying memorandum of agreement was signed by plaintiffs August 21, 1972. The contract is automatically renewed annually unless either party gives timely notice to terminate. Plaintiffs contend in the affidavit of defendant

---

[3] The right to a change of venue is a personal right that may be waived. *Mack Trucks Inc. v. Taylor,* 227 Or 376, 362 P2d 364 (1961); *State ex rel v. Peters,* 185 Or 350, 203 P2d 299 (1949); *Mutzig v. Hope,* 176 Or 368, 397, 158 P2d 110 (1945).

Furtick that they were threatened with picket lines and "other coercive union action" unless the agreement was signed, that the union dealt with the plaintiff on a "take-it-or-leave-it" basis and that business would have been lost unless there was a contract. Assuming all that to be true, federal case law has foreclosed these claims.

> "* * * It has been held that an employer who has made contributions to a trust fund established under the terms of a collective bargaining agreement over a substantial period of time may not, when later sued by the union to enforce such an agreement, contend at that time that the agreement is unenforceable by reason of duress." *Pio v. Kelly, supra,* 275 Or at 594.

Plaintiffs do not deny the allegations in the complaint that they made contributions to the trust fund over a period of years.

■    Plaintiffs claim that the inconvenience for them to appear in Multnomah County is another circumstance. Business records for the requested audit and unnamed witnesses reside in Lane County, and travel time between the counties is two and one-half hours. By statute, the convenience of witnesses and parties is a relevant inquiry resting in the sound discretion of the trial court. ORS 14.110(1)(c). Plaintiffs' evidence with respect to inconvenience is no more than what we have summarized. We agree with the trial judge that a two-and-one-half-hour trip transporting records to the courthouse may be inconvenient but not necessarily unfair or unreasonable. Plaintiffs agreed to the venue. Given the *prima facie* validity of the venue clause, plaintiffs have failed to demonstrate that its enforceability would be unfair and unreasonable.

■    The last question is the propriety of the award of attorneys' fees in the mandamus proceeding. After the circuit court quashed the writ, defendants' counsel [who was the trustees' counsel in the underlying district court action] moved for an award of attorneys' fees. Plaintiffs objected. Defendant responded by contending that the union trust agreement provides for the recovery by the *trustees* of attorneys' fees in actions to recover delinquent contributions. The court order provided, in relevant part,

> "* * * that defendant be awarded its reasonable attorney's fees in the amount of $1,348.75. Execution shall not

issue on this award however, unless and until defendant prevails on the merits of its case currently set in District Court under Multnomah County case no. 198-157. This award of attorney's fees shall accrue interest from the 24th day of October, 1980, until paid."

Defendant here contends that the trial court, in effect *sua sponte,* joined the trustees as parties defendant in the mandamus proceeding, when the order awarded fees to the trustees. The difficulty with defendant's argument is only exceeded by the confusion created by the language of the order. Some confusion will diminish if the word "trustee" is substituted for the word "defendant" in the order. The award of attorney fees was error. The trial court never entered an order joining the trustees as parties in the mandamus proceeding, nor was an order required, Rule 29A ORCP.[4]

The order quashing the amended alternative writ of mandamus is affirmed. The order awarding attorneys' fees is reversed.

---

[4] We need not decide whether the trustees could have been joined as parties in the mandamus proceeding.